# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLINT FLAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 1:22-cv-00210-VMC |
| ) | |
| LOWE'S HOME CENTERS, LLC (NC) ) | JURY TRIAL DEMANDED |
| and JOHN DOES 1-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT MOTION TO AMEND SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW Plaintiff Clint Flakes and Defendant Lowe's Home Centers, LLC (NC), and, pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.2, and Local Rule 26.2 B., hereby move this Court to modify the Scheduling Order to allow for the extension of the discovery period for a period of four (4) months and to modify certain other deadlines to reflect such extended discovery period; specifically as follows:

1. The Scheduling Order be amended to reflect a new discovery completion deadline of February 23, 2023;

2. The Scheduling Order be amended to reflect a new post-discovery settlement conference deadline of March 9, 2023;

3. The Scheduling Order be amended to reflect a new deadline for filing motions for summary judgment of March 24, 2023; and

4. The Scheduling Order be amended to reflect a new deadline for filing the proposed Joint Pretrial Order of March 24, 2005, or thirty (30) days after the entry of an order denying summary judgment, whichever is later.

The Parties seek an additional, four-month extension of the discovery period in this complex case to enable completion of necessary discovery. There are two other related actions that are just beginning discovery and an extension of time would all the parties to economize the parties and Court's time and consolidate discovery among the three cases by three claimants that resulted from the same event. The grounds for the Consent Motion to Amend the Scheduling Order included: (1) difficulty in scheduling depositions due to locations of witnesses and parties throughout the country; (2) delays caused by Defendant's request for a Confidentiality and Protective Order; (3) the reoccurrence of COVID hampering scheduling of depositions due to sickness among parties, witnesses, and counsel; (4) two other cases arising out of the same event are just commencing discovery and have prevented depositions from moving forward in this matter.

The Court has discretion to modify a scheduling order upon a showing of good cause. Fed. R. Civ. P. 16. The Court also has discretion to extend the time for discovery in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed. LR 26.2, NDGa. For the reasons set forth below, good cause and exceptional, unanticipated circumstances exist that justify an extension of the discovery period in this complex case, and a modification of corresponding deadlines to reflect the extended discovery period.

In the Preliminary Report and Discovery Schedule, filed on February 18, 2022, the parties agreed that this case is a complex one, that an extended discovery period was needed, and that the parties may need to exceed the ten deposition limit because of the number of witnesses, medical providers, and claimants, the disparate geographic locations of the witnesses. Preliminary Report, ¶10. The Parties now seek this extension because the complexities of the case, difficulties in obtaining key documents and information from Defendant, coupled with the two other actions causing challenges in scheduling depositions involving numerous individuals located across the country have rendered the earlier discovery completion dates

unrealistic. The parties would like to consolidate discovery in all three actions to streamline discovery and the issues.

The parties have sustained diligence in pursuing discovery and good cause exists for an additional extension of the discovery period. The parties are each pursuing follow-up to the multiple discovery responses to ensure full compliance by the other and to challenge various objections asserted by the other amongst ourselves. Although substantial effort has been expended by each side's attorneys to avoid the Court's involvement in motions to compel, such motions will likely be unavoidable if the current discovery period ends and the corresponding deadline for motions to compel is not extended. In summary, a great deal of discovery in this complex case has been conducted. However, follow-up discovery and discovery, depositions of parties, witnesses, and experts as well as discovery from third parties are the primary areas remaining for completion.

WHEREFORE, the Parties respectfully request that their Motion be granted and that the Scheduling Order be amended as outlined above.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify pursuant to Rule 5.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

Dated on **July 11, 2022**.

| | |
|---|---|
| **WERNER LAW, LLC** | **BURR & FORMAN, LLP** |
| | |
| /*s/* Nola D. Jackson | /*s/* Kwende B. Jones |
| MICHAEL L. WERNER | KWENDE B. JONES |
| GA BAR NO. 748321 | GA STATE BAR NO. 041155 |
| NOLA D. JACKSON | **171 SEVENTEENTH STREET NW** |
| GA BAR NO. 387799 | **SUITE 1100** |
| **2860 PIEDMONT ROAD NE** | **ATLANTA, GA 30363** |
| **ATLANTA, GA 30305** | 404-815-3000 |
| 770-837-3428 | MIKE@WERNERLAW.COM |
| MIKE@WERNERLAW.COM | KBJONES@BURR.COM |
| NOLA@WERNERLAW.COM | |
| COUNSEL FOR PLAINTIFF | JENNIFER M. BUSBY |
| | GA STATE BAR NO. 098340 |
| | **420 NORTH 20TH STREET** |
| | **SUITE 3400** |
| | **BIRMINGHAM, AL 35203** |
| | COUNSEL FOR DEFENDANT |
| | **VERNIS & BOWLING OF ATLANTA, LLC** |
| | |
| | /*s/* James Merritt, Jr. |
| | JAMES MERRITT, JR. |
| | GA STATE BAR NO. 416608 |
| | **30 PERIMETER PARK DRIVE** |
| | **SUITE 200** |
| | **ATLANTA, GA 30341** |
| | 404-846-2001 |
| | JMERRITT@GEORGIA-LAW.COM |
| | COUNSEL FOR DEFENDANT |

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2022, I served a copy of the foregoing **CONSENT MOTION TO AMEND SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by statutory electronic service to the following counsel of record:

| | |
|---|---|
| KWENDE B. JONES<br>**BURR & FORMAN, LLP**<br>171 SEVENTEENTH STREET, N.W.<br>SUITE 1100<br>ATLANTA, GA 30363 | JENNIFER M. BUSBY<br>**BURR & FORMAN, LLP**<br>420 NORTH 20TH STREET<br>SUITE 3400<br>BIRMINGHAM, AL 35203 |
| JAMES MERRITT, JR.<br>**VERNIS & BOWLING OF ATLANTA, LLC**<br>30 PERIMETER PARK DRIVE<br>SUITE 200<br>ATLANTA, GA 30341 | |

                                                **WERNER LAW, LLC**

                                                  /s/ Nola D. Jackson_____

| | |
|---|---|
| | MICHAEL L. WERNER<br>Georgia Bar No. 748321 |
| 2860 Piedmont Road | NOLA D. JACKSON |
| Atlanta, GA 30305 | Georgia Bar No. 387799 |
| 404-793-1690 | TREVOR E. BRICE |
| mike@wernerlaw.com | Georgia Bar No. 847049 |
| nola@wernerlaw.com | |
| trevor@wernerlaw.com | **Attorneys for Plaintiff** |